UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EDUARDO A. LEON,

        Plaintiff,

                                            File No. 1:08-CV-1202

v.

                                            Hon. Robert Holmes Bell

JAMES MICHAEL NORMAN, and
JAMES ELDON BELCHER,

        Defendants.
                                     /

**O P I N I O N**

This diversity automobile negligence action is before the Court on Defendant James Eldon Belcher's motion for summary judgment, or, in the alternative, for partial summary judgment.[1] For the reasons that follow, Defendant Belcher's motion for summary judgment will be granted.

**I.**

At approximately 4:30 a.m. on July 19, 2006, Plaintiff Eduardo A. Leon was in a vehicle in the northbound lane of Highway U.S. 131 when he was struck from behind by a

---

[1] Defendant Belcher has also requested partial summary judgment on Plaintiff's claim for wage loss beyond the three-year period of no-fault immunity. Plaintiff is not opposed to Defendant's request for summary judgment on this issue. (Dkt. No. 38, Pl.'s Resp. Br. 8 n.2.) In any event, Belcher's request for partial summary judgment is mooted by the Court's determination that Belcher is entitled to summary judgment.

vehicle driven by Defendant James Michael Norman. After the collision, Norman pulled over onto the left-hand shoulder of the highway. Plaintiff's vehicle was stopped in the right lane of the highway, approximately two car lengths ahead of Norman's vehicle. Soon after the first collision, Plaintiff's vehicle was struck from behind a second time by a vehicle driven by Defendant Belcher. Plaintiff's car burst into flames and Plaintiff sustained injuries.

Plaintiff filed this automobile negligence action against Defendants Norman and Belcher. Plaintiff's negligence claim against Defendant Norman has been dismissed with prejudice. (Dkt. No. 32, Order for Dismissal.) The only remaining claim is Plaintiff's negligence claim against Defendant Belcher. Defendant Belcher has filed a motion for summary judgment.

## II.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If Defendant carries his burden of showing there is an absence of evidence to support a claim, then Plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

In considering a motion for summary judgment, the Court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *Minges Creek, L.L.C. v. Royal Ins. Co. of Am.*, 442 F.3d 953, 955-56 (6th Cir. 2006) (citing *Matsushita*, 475 U.S. at 587). Nevertheless, the mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for Plaintiff. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

### III.

Defendant Belcher contends that he is entitled to summary judgment because Plaintiff has presented no admissible evidence in support of the allegation that Defendant Belcher was negligent in any respect.

Plaintiff contends that Defendant's motion for summary judgment should be denied because there is an issue of fact for trial as to whether Belcher was negligent in failing to notice Norman's hazard flashers in time to avoid the impact, and because Belcher violated the assured-clear-distance statute.

"To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Case v. Consumers Power Co.*, 615 N.W.2d 17, 20 (Mich. 2000) (citing *Schultz v. Consumers Power Co.*, 506 N.W.2d 175 (Mich. 1993)). A driver owes a duty to

3

other motorists to exercise ordinary and reasonable care and caution in the operation of his vehicle. *Zarecki v.Hatch*, 79 N.W.2d 605, 607 (Mich. 1956). A driver also has a statutory duty to drive at a careful and prudent speed in light of existing conditions. Mich. Comp. Laws § 257.627(1). A driver must not drive at a speed greater than that which will allow him or her to stop within the assured, clear distance ahead. *Id.* The assured-clear-distance statute is inapplicable when a collision is shown to have occurred as the result of a sudden emergency not of the defendant driver's own making. *VanderLaan v. Miedema*, 188 N.W.2d 564, 567 (Mich. 1971). (citing *McKinney v. Anderson*, 129 N.W.2d 851, 853 (Mich. 1964)).

According to Defendant Belcher, there is no evidence from which a jury could reasonably find that he was not exercising ordinary and reasonable care and caution in the operation of his car at the time of the collision. In support of his motion, Belcher directs the Court's attention to the uncontroverted evidence that at the time of the collision Defendant Belcher was driving within the speed limit,[2] it was dark,[3] there were no lights on either Plaintiff's or Norman's vehicle,[4] and Plaintiff's vehicle was stopped in the right lane of the highway. Belcher testified that he was faced with a sudden emergency:

---

[2] Belcher testified that he had his cruise control set at 65 miles per hour. (Belcher Dep. 29.) Kevin Frazier, who was driving in a vehicle behind Belcher, testified that he was traveling at 71 mph and was gaining on Belcher just prior to the collision. (Frazier Dep. 10.)

[3] Frazier testified that it was a "really dark" morning. darker than usual, and there is no artificial lighting illuminating the area. (Frazier Dep. 10, 18-19.) Norman similarly testified that it was dark and there were no street lights. (Norman Dep. 11.)

[4] (Belcher Dep. 31-32; Frazier Dep. 11, 21, 28.)

4

> I was cruising along and all of a sudden there's a stopped car right dead in front of me. I had no time to swerve, nothing. I noticed a car off on the left and a stopped car dead in the center of me. All I could do was slam on the brakes.

(Belcher Dep. 30.) Belcher saw Norman's car on the left "[j]ust nanoseconds before I seen the one stopped in front of me." (Belcher Dep. 31.).

Plaintiff does not suggest that Belcher was speeding.[5] Plaintiff does not deny that it was dark, that his car was unlit, or that his car was stopped in the right lane of travel.[6] Nevertheless, Plaintiff contends that Belcher is not entitled to summary judgment because there is an issue of fact as to whether Norman's hazard lights were on.

Plaintiff has hired an accident reconstructionist, Gary J. McDonald, who has opined that Belcher violated the basic speed law and Michigan Vehicle Code section 257.627 by failing to adjust his speed for conditions ahead. (McDonald Dep. 24-25; Pl. Br. in Opp'n, Ex. 5, McDonald Report.) According to McDonald, the conditions that Belcher failed to appreciate or adjust for were the flashing hazard lights of the Norman vehicle. (McDonald Dep. 24-25.) Under Michigan law, "warning lights shall be visible from a distance of not

---

[5]Plaintiff's accident reconstructionist, Gary McDonald, did not perform a speed analysis with respect to any of the three vehicles. He did not testify that Belcher was traveling above the posted speed limit or that he failed to maintain an assured clear distance ahead. (McDonald Dep. 24-25, 28-29.)

[6]Leon testified that it was dark, and that he had no knowledge of whether his car was stopped or whether he had any running lights on his car at the time of the second collision. (Leon Dep. 62, 67.) Norman testified that Leon's vehicle was stopped after Norman hit it. (Norman Dep. 19, 31.)

5

less than 500 feet under normal atmospheric conditions at night." Mich. Comp. Laws § 257.698a. Because the road was straight and flat, Plaintiff contends there is an issue of fact as to whether the hazard lights should have given Belcher sufficient time to avoid the collision with Leon's vehicle. McDonald testified that whether or not Belcher did something wrong that contributed to the accident "would depend if Norman's lights were on, the flashers were on." (McDonald Dep. 35.) If Norman's flashers were not on, then McDonald's opinion would be that Belcher did not do anything wrong. (McDonald Dep. 35-36.)

Plaintiff's theory of liability accordingly depends on whether Norman's hazard lights were flashing after the accident. Both Belcher and Frazier testified at length that there were no lights on Norman's vehicle. Belcher testified that "There was no lights whatsoever on either vehicle." (Belcher Dep. 31.) "They were both sitting there in the dark." (Belcher Dep. 32.) Frazier was driving behind Belcher, but he could see in front of Belcher because there were no hills or other obstructions. (Frazier Dep. 28.) Frazier testified that before Belcher hit Leon, there were no warning lights or any indication that there was something ahead. (Frazier Dep. 21.) Frazier did not see Norman's car until after the accident had occurred and a fire was illuminating the area. (Frazier Dep. 21.) In fact, Frazier thought Belcher must have hit a deer "because we seen no lights in front of him or nothing to indicate there was any -- there was no cars in front of him for a long ways." (Frazier Dep. 11.)

Plaintiff has presented no testimony from any witness that the hazard lights on

6

Norman's car were flashing. Neither has Plaintiff offered any evidence to suggest that Belcher's or Frazier's statements were not credible. The only evidence Plaintiff has presented in opposition to Belcher's direct and substantial evidence that there were no hazard lights on Norman's vehicle, is Norman's passing reference to having "turned on" his flashers and gotten out of his vehicle before witnessing the second collision. (Norman Dep. 14, 17.) The material issue, however, is not whether Norman turned the lights on, but whether the lights in fact went on. For purposes of this summary judgment motion the Court must determine whether Norman's statement that he "turned on my flashers" is sufficient to raise a reasonable inference that the lights were in fact activated by his action. The Court finds that it is not.

Although Norman testified that his vehicle was mechanically sound before the accident, the evidence is unrefuted that he had been traveling at 70 miles per hour moments before he collided into the rear end of end of Leon's vehicle, and that as a result of the collision, the air bag exploded, Norman was injured, and the front end of Norman's vehicle was damaged and pushed back toward the driver's compartment. (Normand Dep. 9, 14, 22, 30.) Although Norman testified that turned on his flashers after the accident, (Norman Dep. 14), he gave no testimony as to whether the lamping system was functional after the collision, or whether his hazard lights began flashing. Norman's vehicle was towed to a shop in Plainwell. (Norman Dep. 30.) Plaintiff has not presented any evidence from the body shop that the hazard lights were operational after the accident. Norman is not aware of the

7

existence of any photos of his vehicle after the accident. (Norman Dep. 29.) Plaintiff's expert did not examine any of the three vehicles involved in the accident and gave no testimony about whether the lamping system in Norman's vehicle was, or would have been, operational after the accident. (McDonald Dep. 29, 34.)

Viewing the facts in the light most favorable to Plaintiff, the Court concludes that Plaintiff's evidence that Norman "turned on" his flashers does not raise a reasonable inference that Norman's hazard lights were in fact activated, and does not create an issue of fact as to whether Norman's hazard lights were flashing before Belcher collided with Plaintiff's vehicle. Plaintiff has failed to sustain his burden of demonstrating that there is an issue of fact for trial as to Defendant Belcher's negligence. Accordingly, Defendant Belcher is entitled to judgment as a matter of law.

An order and judgment consistent with this opinion will be entered.

Dated: January 7, 2010                   /s/ Robert Holmes Bell
                                                                     ROBERT HOLMES BELL
                                                                     UNITED STATES DISTRICT JUDGE